PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LATOYA S. GOODEN, ) | |
| ) | CASE NO. 5:25CV2250 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| WILMINGTON SAVINGS ) | |
| FUND SOCIETY, FSB, *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF No. 2] |

*Pro Se* Plaintiff Latoya Gooden filed this civil rights action against Wilmington Savings Fund Society, FSB, as Trustee for Bosco Credit II Trust Series 2010-1; Franklin Credit Management Corporation; Sheriff Weisburn; Sabrina Allen; The Arlette Trust; Keller Williams Realty; Agent Dan LNU; and, other Doe defendants. She did not pay the filing fee, and instead submitted an Application to Proceed *in Forma Pauperis* ("IFP") (ECF No. 2). Plaintiff, however, did not fully complete the form; and the information she provided is contradictory. She declares in one section of the Application that she will receive $2,200 per month from her employer, Altercare of Alliance. *See* ECF No. 2 at PageID #: 18, § 1. On the next page, Plaintiff lists her income from Altercare of Alliance as $3,812 per month. *See* ECF No. 2 at PageID #: 19, § 2. She further claims that her spouse earned $2,500 per month from February 2019 through May 2024, but does not provide any indication of his or her current employment or income situation. *See* ECF No. 2 at PageID #: 19, § 3. Furthermore, Plaintiff did not complete the section on expenses. She simply wrote what could be interpreted as either "$2,300 Bills" or

(5:25CV2250)

"$2,500 Bills" at the top of the section. ECF No. 2 at PageID #: 21, § 8. This appears to be an attempt to have her expenses cancel out income without providing specific information that can be verified.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may authorize the commencement of any action without prepayment of filing fees, if the litigant submits an affidavit that includes a statement of all assets, income, and debt that demonstrates the person is unable to pay the filing fee. Pauper status does not require absolute destitution. *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 Fed.Appx. 239, 240 (6th Cir. 2001). Instead, the Court must examine the affidavit and determine whether the litigant can pay the court costs without undue hardship. *Id.* The Court takes very seriously a request to proceed IFP as it is a request to litigate at taxpayer expense. The Court must determine whether Plaintiff cannot pay the filing fee without undue hardship or whether this is a case wherein Plaintiff must "weigh the financial constraints posed by pursuing her complaint against the merits of her claims." *Behmlander v. Comm'r of Soc. Sec.*, No. 12-CV-14424, 2012 WL 5457466, at *2 (E.D. Mich. Oct. 16, 2012), *report and recommendation adopted*, No. 12-14424, 2012 WL 5457383 (E.D.Mich. Nov. 8, 2012). It is within the Court's discretion to allow a litigant to proceed IFP. *Id.* at *1 (citing *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir.1986)). Proceeding IFP is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

Here, Plaintiff does not demonstrate an inability to pay the filing fee. She did not attempt to complete the form or provide the Court with any real information regarding her assets, income,

(5:25CV2250)

and expenses. Without that information, the Court has no basis upon which to grant the Application.

Accordingly, Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 2) is denied. See *Liggins v. Am. Elec. Power Co.*, No. C2-04-502, 2008 WL 2491749, at *2 (S.D. Ohio June 17, 2008) (denying motion to proceed IFP on appeal when plaintiff failed to support her motion with sufficient detail to provide the court with adequate information to determine if she lacked the financial resources to pay the filing fee) (citing *Flippin v. Coburn*, 107 Fed.Appx. 520, 521 (6th Cir. 2004)); *see also Reynolds v. Fed. Bureau of Prisons*, 30 Fed.Appx. 574 (6th Cir. 2002) (Order) (finding that the district court acted within its discretion in denying plaintiff's IFP application when plaintiff did not identify his securities with particularity or offer a credible estimate of their value) (citations omitted).

This action is dismissed without prejudice. Plaintiff may move to reopen this case within thirty (30) days of the date of this Order by paying the full filing fee of $405 and filing a contemporaneous Motion to Reopen. The Court will not accept any document for filing unless the filing fee is first paid in its entirety. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

  October 30, 2025                             /s/ Benita Y. Pearson
Date                                                Benita Y. Pearson
                                                       United States District Judge